case number 143427. Mr. Walsh. May it please the court, counsel, and the good afternoon. Now, I don't mind saying I represent Mr. Adrian Collins in his ongoing issues with regard to his sentence. The case before you this morning is not overly complicated from my perspective. There are essentially three arguments, and this morning or this afternoon, rather, excuse me, I'll respond to some of the things that were in the government's brief, and if there's additional questions, I'll be happy to take those up. With regard to the third argument, which is essentially that Mr. Collins should have been given credit for the 27 months of incarceration he spent as a result of his probation revocation for the underlying conduct, which was the result of the later case, I fully concede that the United States sentencing guidelines do not require or recommend that, as the government points out, because it's not an undischarged term of probation. And as a result, the only way that Mr. Collins would be able to attack that would be whether or not Judge Crabb abused her discretion overall in considering an ultimate sentence of 96 months. I will point out for the court's edification that this is, of course, six months above what the guidelines were recommending in this particular case. However, again, considering the standard, this is perhaps the weakest of Mr. Collins' arguments, and I'll leave off of it at this time. She did give him the benefit of the 782 amendment, drugs minus two, and she didn't have to do that. That's very true. That's very true. So that's a net 18 months to him. That is true, and I will also concede he did not receive an obstruction of justice enhancement, which was certainly discussed. With regard to the withdrawal of the plea, Mr. Collins, through myself, filed essentially two motions with regard to that specific issue. This complaint essentially boils down, and I'll paraphrase it here at this time, to two my attorney, Attorney Michellic, didn't give me all the discovery. Two, my attorney Michellic didn't discuss the case with me at all and, in fact, refused to discuss whether or not there were any potential defenses in the case. The government has correctly pointed out that Mr. Collins was not able to produce any corroborating evidence other than his own affidavit statements as to either of these aspects. He did, of course, also allege the use of heroin and alcohol, which impaired his ability to understand what went on in the sentencing hearing, and I will concede outright that, as I'm sure everyone is well aware, everything that he states in the affidavit is contradicted by a statement from the sworn plea colloquy. All right, so I understand that. But what I would suggest for this court here today is that one doesn't know what one doesn't know. And if it's true that Mr. Collins was not afforded the discovery documents, and if it's true that his attorney refused to discuss any potential defenses in the case, then he may not well have been aware of other options that he might have had. And furthermore, that the Constitution of the United States of America does not require a defendant to have an elaborate defense. It doesn't require a good defense. It doesn't even require a bad defense. It doesn't require any defense at all. You can go to trial and simply put the government to their burden and let that be the end of it. So the notion that this entrapment defense would have to be justifiable under various circumstances, I think, is a little bit of a red herring, because he didn't have to have an actual defense. He had to have the materials available to him and the ability to talk to an attorney to understand the decision. And that's what he's saying that he didn't have in this particular circumstance. Finally, with regard... But that also conflicts with what he said at the plea hearing. No. His current claim, because he was asked specifically if he had an opportunity to talk to his attorney about all possible defenses, had enough time, about all possible sentences and how the sentencing guidelines might play out. So, I mean, he was specifically colloquied on that. They didn't mention the entrapment defense in particular, but it's the usual plea colloquy here that confirms that the defendant has had adequate time to talk to his counsel and has, in fact, explored possible defenses. As I said at the outset, I concede that the statements in the affidavit are directly contradicted by the plea colloquy. And, of course, in all the cases I've had in front of Judge Crabb, that's her standard plea colloquy. There's nothing unusual about it at all. Finally, with regard to the acceptance of responsibility, I just wanted to clear up perhaps something that was in the government's brief, and that is just the suggestion that Mr. Collins essentially waived any ability to present any evidence with regard to his plea. And I just want to make sure that we're clear here, and obviously the transcripts have been provided to this court in the appendix, so you can review it. But if you begin on about page 23, when I'm discussing the matter with Judge Crabb, and she indicates at one point that she would be inclined to rely both on whether or not he accepted responsibility because of the myriad motions to withdraw his plea, and then also because of the alleged involvement in criminal activity. At that point, Mr. Collins, through myself, of course, indicates that we're going to go ahead and put on our witness. I wanted to make it clear that it was then that the AUSA at that time, for the government to intervene, and sort of clarified what I was saying, which is if you have a town and two roads and two trucks, it doesn't matter if both of them get there or if one gets there. All that's necessary is one. And if that's all you find, then the game is over. After that was clarified, there was not further discussion or opportunity as to whether or not we still wish to put on the witness. Judge Crabb simply found that the continued efforts to withdraw his guilty plea was sufficient to determine that acceptance of responsibility was not warranted in this case. I simply wanted to clarify that because it did seem a little bit from the brief as though I simply came out and said that he was waiving that argument, and I don't think that's completely accurate. But if there's no other questions, then I'll leave off. Thank you. Thank you. Ms. Oswald. Good afternoon. Barbara Oswald on behalf of the United States in this case. I agree with counsel this is not a complicated case, and it's very clear from the record in this case that the trial court judge viewed Mr. Collins as engaging in a pattern of manipulation and delay for his own purposes, and by the time that he moved to withdraw his plea in this case, the district court judge had clearly had enough. She described his conduct as outrageous, inconsiderate, and totally selfish. She characterized him as trying to make a mockery of the whole system and noted in her opinions denying his motions to withdraw his plea that he demonstrated a lack of credibility. The trial court did not abuse its discretion in denying the motions to withdraw his plea. Mr. Walsh identified two grounds on which Mr. Collins was trying to attempt while he was attempting to withdraw his plea. One is that the U.S. Attorney's Office didn't give counsel all discovery. There's no basis for that in the record other than Mr. Collins' own statements. And with respect to the issue that he didn't have sufficient time to discuss the case with Mr. Michelek, as the court pointed out, that is directly contrary to Mr. Collins' statements under oath at the plea hearing. It's also contrary to his own affidavit where he identifies the fact that he talked with his attorney and reviewed discovery the day before the plea hearing. I'm not clear on Mr. Walsh's last argument with respect to acceptance of responsibility in the waiver of the evidentiary hearing. The government has cited the exact excerpts from the testimony in its brief. It was very clear that the court even was making sure that she was understanding him correctly to say, if you find that acceptance of responsibility is not warranted because of Mr. Collins' plea, his attempts to withdraw his plea, that there is no need for an evidentiary hearing. I think that's very clear from the transcript of the sentencing hearing, and it's been waived in this case. And I want to correct one thing with respect to sentence credit, and I might have misunderstood Mr. Walsh's argument, but I believe what he was saying is that the court went six months above the recommended guidelines. I don't think that's correct. The recommended guidelines were 77 to 96 months. There is a typo in the government's brief in the facts section. I believe it says 77 to 90 months. But if you look at the sentencing transcript, it's actually 77 to 96 months. The sentence was within the guideline range. The court did consider the proper factors under 3553. Therefore, the sentence is presumed reasonable in this case. Unless there's further questions from the court, the government will rest on its brief. We ask that the court affirm the judgment of conviction. Thank you. Thank you. Mr. Walsh, anything further? You've got three minutes. What Mr. Collins was saying is that he didn't receive the discovery from his attorney, not necessarily from the United States of America. That's all. Thank you. Thank you. All right. Our thanks to both counsel. Mr. Walsh, were you appointed in this case? Yes, I was. All right. The court thanks you for your service to your client and to the court. Thank you. And our thanks to both counsel. The case is taken under advisement, and the court will stand in recess.